## GOTTLIEB WIEDEMANN ET AL.
### v.
## MARY L. RYAN.

*Intoxicating Liquors—Action under Section 9 of the Dram Shop Act—Credibility of Witnesses—Instructions—Assumption of Controverted Fact.*

1. An instruction is erroneous which authorizes the jury to consider the business of the witnesses in determining their credibility.
2. An instruction which assumes a material controverted fact is erroneous.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Saline County; the Hon. ROBT. W. McCARTNEY, Judge, presiding.

Messrs. PARISH & PARISH and W. H. BOYER, for appellants.

Messrs. JONATHAN F. TAYLOR and F. M. YOUNGBLOOD, for appellee.

PHILLIPS, J. This is an action on the case, brought by appellee against appellants under Section 9 of the Dram Shop Act.

Wiedemann v. Ryan.

The second instruction given for appellee is as follows: "The court further instructs the jury in this case that they are the judges of the credibility of each and every witness who may have testified in this case, and for this purpose they have a right to take into consideration the deportment of the witnesses upon the stand, their manner of giving evidence, their interest or connection with the parties to this suit, the business and interests of the witnesses testifying, giving such weight to the testimony of each witness as all the surroundings will warrant."

This instruction authorizes the jury to take into consideration, in determining credibility of witnesses, the business of witnesses testifying. This is incorporating a new method of determining the credibility of a witness, dependent solely and exclusively upon the prejudice that might exist in the mind of a juror against any class of business that might be obnoxious to him, and greatly affect his verdict in determining the credibility of witnesses. A court might find the witness had been absolutely fair in his testimony, with no interest in the result of a suit, and without prejudice in any manner. Yet a juror may, for prejudice against his business, reject his testimony. It would be a dangerous rule to be incorporated into our jurisprudence, and it was error to give the second instruction.

The eighth instruction is: "The court instructs the jury that if you believe from the evidence that the defendants, between the 14th day of December, 1887, and the 1st day of January, 1888, sold or gave intoxicating liquors to Patrick Ryan, the husband of plaintiff, which caused the intoxication of said Patrick Ryan in whole or in part, and if you further believe from the weight of the testimony that said intoxication and consequent exposure of the said Patrick Ryan resulted from the said intoxication produced by defendants, and that such intoxication and consequent exposure was the direct and proximate cause of the death of Patrick Ryan from the effects of such intoxication, and that by reason of the death the plaintiff was injured in her means of support, then you should find the defendants guilty and assess the plaintiff's damages at such

sum as from the evidence you believe her entitled to, not to exceed three thousand dollars."

The theory on which plaintiff sought a recovery was that the defendants caused the intoxication of Patrick Ryan, the husband of appellee, and that in consequence of such intoxication he was exposed to storms and cold and contracted pneumonia, which caused his death; while the defendants sought to show that Patrick Ryan had been exposed in the business in which he was engaged—that of section foreman, and had been at work on the railroad in storms and cold, and had a severe cold, and claimed that the pneumonia contracted was not caused by any exposure resulting from the sale of intoxicating liquor, but was from exposure in his work.

The eighth instruction to the jury, that "if you believe from the weight of the testimony that said intoxication and consequent exposure of the said Patrick Ryan resulted from the said intoxication produced by defendants, and that such intoxication and consequent exposure was the direct and proximate cause of death," etc., is a declaration in the instruction that the "consequent exposure" was caused by the intoxication; and with the facts before the jury on the issue as to the cause of death, that instruction assumes to determine as a rule of law that the "consequent exposure" resulted from the intoxication, and that therefore the cause of death was produced by the primary act of the defendants, which was one of the issues of fact before the jury. It was error to give the eighth instruction.

Numerous other questions of law and fact are presented by this record which we do not deem it necessary to consider, as for the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*